UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BRYANT KIRK                                                                                          PLAINTIFF

VERSUS                                                               CIVIL ACTION NO. 2:04CV241-RHW

CHRISTOPHER EPPS, et al                                                                      DEFENDANTS

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Christopher Epps' [24] Motion to Dismiss. Plaintiff has not filed a response in opposition to the motion. In his 42 U.S.C. § 1983 complaint, Plaintiff alleges that he was denied constitutionally adequate medical treatment. Specifically, he asserts that he was not given medication to treat a mental health condition. With respect to Defendant Epps, Plaintiff alleges only that Epps denied relief for his grievance in the third step of the prison's administrative remedies program.

Plaintiff's complaint fails to state a claim against Defendant Epps. The federal courts are not a general grievance procedure for prisoners. *See Martinez v. Griffin*, 840 F.2d 314, 314 (5th Cir. 1988). Moreover, a state prisoner does not posses a state-created liberty interest in the prison grievance procedure when it does not affect the duration of his confinement. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). A prisoner does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Plaintiff availed himself of the prison grievance system based on what he alleged was constitutionally inadequate medical care. Plaintiff does not allege any personal participation by Epps in the treatment or diagnosis of his condition, only that Epps denied his grievance. Hence, Plaintiff has not stated a cause of action against Epps for deliberate indifference to his medical condition or for any other cognizable constitutional ground. Nor

could Epps be found liable under § 1983 in his supervisory capacity. *See Thompkins v. Belk*, 828 F.2d 298, 304 (5th Cir. 1987).

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Epps' Motion to Dismiss is GRANTED, and that Plaintiff's claims against Defendant Epps are hereby dismissed with prejudice.

SO ORDERED, this the 9th day of March, 2006.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
